IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANN KENNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 20-1183 |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

AND NOW, this 30th day of September 2021, the Court has considered the parties'

motions for summary judgment and will order judgment in favor of the Commissioner of Social

Security ("Commissioner") except as to costs.[1]  Substantial evidence supports the

Commissioner's decision to deny Plaintiff's applications for disability insurance benefits and

supplemental security income under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et*

*seq.*, and Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, respectively.  Therefore, the Court will

affirm the Commissioner's decision.  *See* 42 U.S.C. § 405(g); *Schaudeck v. Comm'r of Soc. Sec.*

*Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).[2]

---

[1]     The Commissioner's request for relief includes both judgment in its favor and costs taxed
against Plaintiff.  (Doc. No. 20, pg. 2).  However, the Commissioner proffers no argument as to
why costs ought to be taxed against Plaintiff.  Therefore, the Court will deny the Commissioner's
motion as to costs.  *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d
939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to raise an issue
to the Court).

[2]     Plaintiff argues that the Administrative Law Judge's ("ALJ") decision is not supported by
substantial evidence for two primary reasons.  First, Plaintiff argues that the ALJ failed to
include functional limitations arising from her mental health impairments in the residual
functional capacity ("RFC").  Second, Plaintiff argues that the ALJ failed to recognize her
corneal dystrophy as a medically determinable impairment and, as a result, failed to include

limitations arising therefrom in the RFC.  The Court is unpersuaded and, as detailed below, finds the ALJ's decision is supported by substantial evidence.

The Court reviews the Commissioner's final decision—which in this matter is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481—to ensure the findings of fact therein are supported by substantial evidence.  *Sweeney v. Comm'r of Soc. Sec.*, 847 F. Supp. 2d 797, 799 (W.D. Pa. 2012) (citing *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001)) (asking "whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.").  Substantial evidence is evidence that would satisfy a "reasonable mind."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).  Where evidence in the record conflicts, a reasonable mind requires a clear explanation of which evidence was favored and why.  *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

To be found disabled under the Act, claimants must prove that they suffer from a physical or mental health impairment "that prevents [them] from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).  ALJs assess claimed disability using a five-step evaluation process.  *Id.* at 428.  First, they ask whether a claimant is engaged in "substantial gainful activity."  *Id.* (citing 20 C.F.R. § 404.1520(a)).  Second, they determine whether the claimant is afflicted by a medically determinable "severe impairment."  *Id.* (citing 20 C.F.R. § 404.1520(c)).  Third, they compare "medical evidence of the claimant's impairment" to the Commissioner's list of presumptively disabling impairments.  *Id.* (citing 20 C.F.R. § 404.1520(d)).  Any claimant who suffers from a presumptively disabling impairment or its equivalent is immediately found disabled.  *Id.*  When a claimant is not found disabled at step three, the ALJ "proceeds to steps four and five" of the evaluation.  *Id.*  "Step four requires the ALJ to consider whether the claimant retains the residual functional capacity [("RFC")] to perform her past relevant work."  *Id.* (citing 20 C.F.R. § 404.1520(d)).  If the claimant cannot return to past work, the ALJ must determine whether the claimant could adjust to other appropriate work.  *Id.* (citing 20 C.F.R. § 404.1520(f)).  A claimant who can return to past work or adjust to other work is not disabled.  *Id.*

A claimant's RFC "is the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  The RFC determination itself is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  SSR 96-8P, 1996 WL 374184, at *2 (S.S.A. July 2, 1996).  The focus then is the extent of a claimant's limitations insofar as those limitations are grounded in a medically determinable impairment.  When ALJs assess RFC, they consider limitations arising from any medically determinable impairment regardless of whether it is severe or non-severe.  20 C.F.R. § 404.1545(a)(2).  They consider all of the relevant evidence in the claimant's record toward this determination.  *Id.* § 404.1545(a)(1).  Symptoms alone will not establish disability, but where symptoms are grounded in a medically determinable

_____

impairment, it is the ALJ's prerogative to "evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit [her] ability to work." *Sterrett v. Berryhill*, No. CV 17-63-E, 2018 WL 1400383, at *1 n.2 (W.D. Pa. Mar. 20, 2018).

In this matter, Plaintiff filed her applications on November 7, 2016 and alleged her disability began on May 12, 2015. (R. 19). The ALJ considered her applications pursuant to the five-step evaluation process and, at step one, found she had been engaged in substantial gainful activity from November 2016 to March 2017. (R. 23). However, because the relevant time period included a continuous twelve-month period without substantial gainful activity, the ALJ proceeded to step two. (R. 23). At step two, the ALJ identified eight severe, medically determinable impairments: osteoarthritis in both knees, plantar fasciitis and hammertoes of the right foot, diabetes mellitus, obesity, metabolic syndrome, arthritis in both thumbs, carpal tunnel syndrome, and asthma. (R. 23). The ALJ further found Plaintiff's mental health impairments— adjustment disorder with anxiety and unspecified depressive disorder—were medically determinable but not severe. (R. 23). The ALJ discussed Plaintiff's complaint of blurry vision but found no severe impairment or lasting symptoms related thereto. (R. 26). When none of Plaintiff's impairments met or equaled the criteria for a presumptively disabling impairment at step three, the ALJ assessed her RFC and found her capable of a reduced range of sedentary work. (R. 27—28). He then found Plaintiff was not disabled because her RFC would permit her return to past work that he and the vocational expert ("VE") had classified as "Insurance Clerk" work, DOT Code 219.367-014. (R. 33—34).

Plaintiff's first argument is that the ALJ's RFC determination is unsupported by substantial evidence because it lacks any limitations arising from her medically determinable mental health impairments. To that end, she argues that the ALJ ignored medical records that demonstrated she consistently experienced symptoms of depression and anxiety, relied on an outdated Function Report to find Plaintiff was not as limited by her mental health impairments as she alleged, failed to discuss her reported panic attacks, and failed to discuss her 2018 work attempt. She also argues that the ALJ erroneously afforded opinion evidence provided by Dr. Chowdhury little weight. But having considered these arguments, the Court is satisfied that the ALJ adequately explained his consideration of the evidence pertaining to Plaintiff's mental health impairments such that his omission of further limitations from the RFC is supported by substantial evidence.

The ALJ's decision includes a detailed review of Plaintiff's mental health records. (R. 23—25). And while that review does not include a "reference to every relevant treatment note," *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001), it demonstrates the ALJ's thorough consideration of the record. The ALJ specifically acknowledged that Plaintiff had a history of depression and anxiety prior to establishing treatment in May 2017. (R. 23—24). Considering Plaintiff's mental health treatment records, the ALJ observed that Plaintiff's symptoms decreased when she employed coping skills and increased her community engagement. (R. 24, 2393). Her

records further indicated that when she attempted work, depression and anxiety symptoms decreased. (R. 24, 2394). Considering Plaintiff's four broad areas of functioning, the ALJ determined that she was mildly limited in her ability to interact with others and in her ability to adapt and manage herself, but otherwise unlimited. (R. 25). He based these findings largely on Plaintiff's records from Family Resources, where Dr. Salim Chowdhury oversaw her care, and a 2015 Function Report that slightly predated the alleged onset date. (R. 24, 25). Though medical opinion evidence signed by Dr. Chowdhury indicated that Plaintiff suffered marked and moderate limitations in the broad areas of functioning, the ALJ afforded that evidence little weight. (R. 33). He explained that the opinion "significantly overstate[d] the claimant's functional restrictions when compared to evidence contained within her treatment records" and was internally inconsistent. (R. 33). For example, the ALJ pointed out that while the opinion indicated Plaintiff was markedly limited in her ability to interact with others, her treatment records indicated she had increased her community participation since starting treatment. (R. 33).

The Court finds no shortcoming in the ALJ's consideration of this evidence. The ALJ's narrative discussion of the evidence adequately supports his decision against finding limitations arising from Plaintiff's mental health impairments. *See* SSR 96-8P, 1996 WL 374184, at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion[.]"). Though Plaintiff argues the ALJ failed to discuss evidence in the record that corroborated her ongoing depression and anxiety symptoms, including records that predated May 2017, the ALJ specifically acknowledged that Plaintiff's mental health history predated her care. (R. 23—24). Plaintiff's contention that it was inappropriate for the ALJ to look to the 2015 Function Report to understand symptoms and limitations arising from her mental health impairments is misplaced because even evidence that falls outside the relevant time period can be relevant to the disability inquiry. *See* 20 C.F.R. § 404.1512(b)(1). Nor does the Court find error in the ALJ's failure to discuss with specificity the symptom of panic attacks that is recorded in Plaintiff's mental health treatment records or her 2018 work attempt. Panic attacks appear in the treatment record as a symptom Plaintiff reported having occasionally. (R. 2382). And while Plaintiff alleged her last attempt at work in 2018 failed due in part to her depression, the ALJ specifically considered Plaintiff's mental health treatment records throughout this time. (R. 24).

Despite these contentions, the ALJ's articulation of his consideration of the evidence and conclusions as to Plaintiff's mental health impairments and related symptoms and limitations far exceeds the "more than a mere scintilla" that is required. *Fargnoli*, 247 F.3d at 38 (citations omitted). In addition to providing a detailed account of Plaintiff's mental health treatment records and an adequate explanation of his consideration of the Dr. Chowdhury opinion evidence, the ALJ also cited compelling evidence to support his findings such as Plaintiff's unsuccessful work attempt in late 2017. (R. 25). During that work attempt, Plaintiff's anxiety and depression actually improved, but she ultimately could not continue in that work because of the amount of standing the job demanded. (R. 25, 31). Where, as here, the ALJ's discussion of the evidence provides sufficient support for his findings, the Court will not undertake a

4

reconsideration of that evidence to determine which limitations it would have found as a de novo fact finder.  *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations.").

Plaintiff's second argument is that the ALJ failed to include her diagnosed condition of corneal dystrophy among her severe, medically determinable impairments at step two of the five-step evaluation and, more importantly, failed to include any limitations arising therefrom in her RFC.  A diagnosed condition, without more, does not demonstrate the presence of a severe impairment.  *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 (3d Cir. 2007).  Further, where an ALJ finds at least one severe, medically determinable impairment at step two, he proceeds to step three.  Therefore, once the ALJ finds one such impairment, the omission of any other is harmless.  *Id.* at 145 n.2.  The concededly more important question is whether the ALJ's RFC determination includes all limitations arising from medically determinable impairments, whether those impairments are severe or non-severe.  20 C.F.R. § 404.1545(a)(2).  To that end, Plaintiff contends that her corneal dystrophy caused blurry vision, a symptom that should have been accommodated in the RFC.

The ALJ specifically considered Plaintiff's allegation of "blurred vision" and related medical records in this case.  (R. 26).  Plaintiff testified that she had a significant "cloud" in her left eye that impeded her vision and a smaller cloud in her right eye, though the right eye was "pretty much clear."  (R. 86).  She testified that she used eyedrops and glasses, which helped "[s]ometimes but not all the time."  (R. 86).  The ALJ acknowledged her complaint and assessed her ophthalmological records.  (R. 26).  He noted that in November 2015, Plaintiff received a diabetic eye examination from Dr. Christopoulos who indicated that Plaintiff's blurred vision at the time was due to her "very high blood sugars," but would dissipate in a month's time.  (R. 26, 943).  In May 2016 Plaintiff was prescribed eye drops to address redness, irritation, and light sensitivity in her right eye.  (R. 26, 103—05).  When Dr. Christopoulos saw Plaintiff again in 2017, she was pleased with Plaintiff's hemoglobin A1C and found Plaintiff suffered no diabetic retinopathy or retinal pathology.  (R. 1633).  She noted "corneal dystrophy" as Plaintiff's sole ocular condition, but documented no symptoms arising therefrom and indicated she would review Plaintiff's condition again in a year.  (R. 1633).

The ALJ did not specifically acknowledge Plaintiff's corneal dystrophy in his discussion of Plaintiff's blurred vision.  (R. 26).  However, he reviewed the records cited above and concluded that Plaintiff suffered from no "severe eye-related condition" that had "caused ongoing symptoms for a period of at least 12 months."  (R. 26).  As explained above, functional limitations are the critical inquiry of RFC determinations.  The Court finds that the ALJ's conclusion that Plaintiff did not have any significant limitations arising from a severe eye-related condition is supported by substantial evidence.  Plaintiff has not identified evidence in the record the ALJ overlooked in arriving at this conclusion, and the Court will not reweigh the evidence the ALJ already considered.  *See Chandler*, 667 F.3d at 359.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment

(Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 20) is

GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

In a footnote, Plaintiff appears to argue that when the ALJ determined her past relevant work was best represented by the Dictionary of Occupational Titles' ("DOT") "Insurance Clerk" occupation, the ALJ failed to resolve "seeming inconsistency" between the occupation's description and Plaintiff's past work. (Doc. No. 17, pg. 19). Plaintiff's passing mention of this issue does little to assist the Court in understanding her argument. Therefore, the Court will not address it further. *Pa. Dep't of Pub. Welfare*, 101 F.3d at 945. For this and the foregoing reasons, the Court will affirm the ALJ's decision finding Plaintiff not disabled and denying benefits under the Act.